The Honorable Samuel J. Steiner<br>
Chapter 7<br>
Hearing Location: Courtroom 8206, Seattle<br>
Hearing Date: July 30, 2010<br>
Hearing Time: 9:30 a.m.<br>
Response Date: July 23, 2010

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | No. 05-19170 |
| TIFFIANI LIA LINDSTEDT ) | |
| ) | TRUSTEE'S NOTICE OF HEARING |
| ) | AND MOTIONS FOR AUTHORIZATION |
| ) | OF SETTLEMENT OF CLAIM, |
| ) | APPROVAL AND PAYMENT |
| ) | OF SPECIAL COUNSEL FEES, |
| ) | DENIAL OF DEBTOR EXEMPTION, |
| Debtor. ) | AND ABANDONMENT OF CLAIMS |
| ) | |

**NOTICE**

TO: Debtor, Creditors, and Other Interested Parties

And to: Clerk of the Court

YOU AND EACH OF YOU are hereby given notice that the below stated motions will be heard by the court as follows:

JUDGE: Samuel J. Steiner    TIME: 9:30 a.m.
PLACE: Courtroom 8206    DATE: July 30, 2010
U.S. Courthouse
700 Stewart Street
Seattle, WA 98101

<u>Objections/Responses</u>

Any responses or objections to the motion must be in writing, with the original filed with the Clerk of the Bankruptcy Court, Room 6301, 700 Stewart Street, Seattle, Washington 98101, prior to the response date which is July 23, 2010. Failure to comply with this local rule may be deemed by the court as opposition without merit. If you are an attorney, your response or objection must be

NOTICE AND MOTION - 1

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206)342-7851 FACSIMILE

filed electronically on the Court's CM/ECF system.  A copy should be delivered to the chambers of the judge hearing this matter, a copy served on the United States Trustee, Room 5103, 700 Stewart Street, Seattle, Washington  98101, and a copy served on the Trustee at the address shown in the lower right hand corner of this Notice or via ECF.  If responsive pleadings are not filed as stated above, the hearing may be stricken and an order granting the relief requested in the motion may be presented, without further notice, to the court ex-parte prior to the scheduled hearing.

**MOTION**

COMES NOW the Chapter 7 Trustee, Ronald G. Brown, and moves this court for an order as follows:

1. <u>For authority to approve settlement of employment claims in the sum of $12,000.00.</u>

The bankruptcy estate asserts claims arising from the debtor's employment claims arising from state court litigation under Pierce County Superior Court No. 08-2-07804-9. The corporate defendants in the litigation vigorously contested the case and discovery was time consuming. Special counsel, who previously represented the debtor in the litigation, represented the bankruptcy estate and assisted in obtaining a settlement against some of the defendants. Under the terms of settlement, the bankruptcy estate is receiving sufficient funds to pay administrative fees and costs and pay some funds to timely filed creditor claims filed in the bankruptcy proceedings.

Under the criteria in <u>In re A&C Properties</u>, 784 F.2d 1377 (9th Cir., 1986), the court considers a number of factors in determining whether to approve a settlement proposed by a bankruptcy estate, including (1) the probability of success in legal proceedings; (2) the difficulty of collection; (3) the complexity of the legal proceedings and the expense involved; and (4) the interest of creditors. Based upon the advice of special counsel, the trustee believes that the proposed settlement in this case meets the criteria and is a reasonable settlement of all claims.

The trustee believes that the outcome of any legal proceeding is uncertain.  In addition, legal proceedings would require the estate to incur legal costs, expert fees, and litigation costs that might further diminish recovery. Special counsel is filing a declaration in support of the settlement, available for review through the Clerk of the Court, which explains the difficulties in obtaining recovery on slip and fall cases and the substantial reduction in such cases because of allegations of

NOTICE AND MOTION - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525  WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON  98104
(206) 342-7850 TELEPHONE
(206)342-7851 FACSIMILE

comparative negligence by claimants. The trustee believes that, based upon the advice of special counsel and the resolution through the mediation proceedings, the proposed settlement is reasonable.

  2. <u>For authority to pay compensation to Greg Murphy of the Law Offices of Gregory J. Murphy P.S., special counsel to the estate, in the sum of $4,800.00, for attorney fees plus reimbursement of costs in the sum of $4,504.60.</u>

  Special counsel is filing an application for compensation with the court which is available for review through the Clerk of the Court. The fees are based upon a contingency fee of forty percent of the gross amount of recovery on the claims. Counsel has submitted an itemization of costs for which he seeks reimbursement.

  3. <u>For denial of the debtor's exemption claim in the settlement proceeds obtained by the bankruptcy estate</u>.

  The debtor did not list the employment claims in her original schedules. Subsequently, the debtor amended her schedules to list the claim as a "tort claim pending" and claimed an exemption of $19,490. An exemption is not allowed if an asset is concealed. 11 U.S.C. 522(g)(1)(B). The trustee is requesting that the debtor's exemption claim in the settlement proceeds be denied.

  4. <u>For abandonment of any other employment claims by the debtor</u>

  Litigation is continuing against the remaining defendants in the state court proceedings. Since the bankruptcy estate is receiving sufficient funds to pay administrative fees and costs and all timely filed creditor claims filed in the bankruptcy proceedings, the bankruptcy estate lacks a cognizable reason to pursue any other employment claims by the debtor.

  Under the current circumstances, the trustee is proposing, pursuant to 11 U.S.C. §554, to abandon the bankruptcy estate's interest in any other employment claims or the basis that the claims are burdensome or of inconsequential value to the bankruptcy estate. In proposing the abandonment, the trustee is not making any determination as to the merit of any other employment claims.

  WHEREFORE, the trustee requests that the court (1) authorize the settlement of the employment claims; (2) determine the application by special counsel for fees and reimbursement

NOTICE AND MOTION - 3

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206)342-7851 FACSIMILE

of costs; (3) authorize abandonment of any other employment claims; and (4) deny the debtor's exemption in the settlement proceeds obtained by the bankruptcy estate.

DATED this 22nd day of June, 2010.

<u>/s/ *Ronald G. Brown*</u>
Ronald G. Brown, WSBA #8816
Chapter 7 Trustee

NOTICE AND MOTION - 4

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206)342-7851 FACSIMILE