The Honorable Samuel Steiner

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In Re:

TIFFANI LIA LINDSTEDT

Debtor.

Chapter 7
No. 05-19170

APPLICATION BY SPECIAL COUNSEL
FOR TRUSTEE FOR COMPENSATION

COMES NOW Law Offices of Gregory J. Murphy, P.S., special counsel for the trustee ("Special Counsel" or "Applicant") and applies to this court for compensation as follows:

1. I am a duly licensed attorney in the State of Washington, am acting as special counsel for the trustee in the above-captioned matter, and have regularly represented employees with respect to discrimination or other civil rights types of cases.

2. I make this application for an allowance of compensation for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred by Special Counsel in the administration of the debtor's estate.

3. On November 17, 2005, an order was entered retaining this applicant as special counsel to Chapter 7 Bankruptcy Trustee, Ronald G. Brown and Ms. Lindstedt's Chapter 7 Bankruptcy Estate with respect to representing the Estate's interest in Ms. Lindstedt's workplace claims as discussed

APPLICATION BY SPECIAL COUNSEL -Page 1 of 4

Y:\Lindstedt_Tiffani\v ACS\Bankruptcy\10.06.21_Application by Special Counsel.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
621 PACIFIC AVENUE, SUITE 15
PO BOX 1298
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

below. All services for which compensation is requested by your applicant were performed for and on behalf of said trustee, and not on behalf of any committee, creditor, or other person.

4. This case came about as the result of Ms. Lindstedt's previous employment. During the period of her employment, she was subjected to harassment by her co-employee, Muriel Carr. The period of harassment dated back to a period of time prior to May, 2004.

5. In July 2004, the employer concluded an investigation of certain workplace incidents. As a result, Ms. Carr was disciplined.

6. In May 2005, Ms. Lindstedt again brought her concerns concerning Muriel Carr to the attention of her employer's managers. Ms. Carr was counseled and instructed not to create any additional issues in the workplace. Despite this instruction, Ms. Carr filed a Petition for a Temporary Order for Protection against Ms. Lindstedt. Ms. Lindstedt's supervisor, accepted service of the Petition for a Temporary Order for Protection and Temporary Order from an officer of the Kent Police Department.

7. On May 17, 2005, Ms. Lindstedt was asked to step out of a mandatory employee meeting by the same supervisor who had accepted service of the above-referenced Temporary Order. Earlier that day, Ms. Carr had called the police on account of Ms. Lindstedt's inadvertent violation of the Temporary Order for Protection.

8. Ms. Lindstedt was subsequently arrested and booked into jail.

9. As a result of these workplace incidents, Muriel Carr's employment was terminated. Ms. Lindstedt made an attempt to return to work, but found the circumstances to be overwhelming and took family and medical leave for a period of time until it was suggested to her by her therapist that she not return to work.

LAW OFFICES OF GREGORY J. MURPHY, P.S.
621 PACIFIC AVENUE, SUITE 15
PO BOX 1298
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

10. Litigation against the Defendants was started on May 2, 2008 by filing the case in Pierce County Superior Court No. 08-2-07804-9. The corporate defendants were easily served through their registered agents, but service on Ms. Carr proved more difficult and required the services of a private investigator.

11. The corporate Defendants retained counsel from New Orleans who appeared pro hac vice. On June 6, 2008, the corporate Defendants removed the case to the United States District Court, Western District of Washington at Tacoma. Special Counsel's effort to convince counsel for the corporate Defendants that removal of this case was inappropriate was unsuccessful and a Motion for Remand was filed on June 27, 2008. Ultimately the case was remanded to Pierce County Superior Court and an Order Amending Case Schedule was issued on July 30, 2008 setting the case for trial on September 14, 2009.

12. The corporate Defendants proceeded to engage in expensive and time-consuming resistance to the five (5) sets of discovery served on them. Numerous meet and confer sessions were conducted. But the corporate Defendants continued the delay tactics and forced a substantial time commitment to obtain answers to interrogatories and requests for production of documents.

13. After the production of 1,500 pages of documents, with pending motions and upcoming depositions, including a 30(b)(6) deposition that may have required more than one representative from the corporate Defendants to address the subject areas, settlement discussions began in June, 2009. The form of the Release and Settlement Agreement was resolved after much discussion and several versions on December 15, 2009.

14. Your applicant is not aware of any medical bills that are related to the workplace incidents or for any treatment received by Ms. Lindstedt.

APPLICATION BY SPECIAL COUNSEL -Page 3 of 4

Y:\Lindstedt_Tiffani\v ACS\Bankruptcy\10.06.21_Application by Special Counsel.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
621 PACIFIC AVENUE, SUITE 15
PO BOX 1298
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com

15. I have received no payments and no promises for payments from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case, and there is no agreement or understanding between myself and any other person for sharing the compensation to be received for services rendered in this case.

16. No previous allowances have been made to the attorney in this matter.

17. The settlement reached with the employer calls for payment to the trustee of Ms. Lindstedt's bankruptcy estate the amount of $12,000.00. Based on my experience in negotiating and litigating these types of claims, I believe this settlement to be adequate.

18. Special counsel was employed on a contingency basis of Forty percent (40%) of the gross amount recovered. The contingency fee on the $12,000.00 is $4,800.00. This is a reasonable fee in this matter.

19. The applicant has incurred costs that exceed the amount requested. The applicant requests an award of reasonable and necessary costs totaling $4,504.60. These consist of filing fee of $200.00, service of process fees of $963.50, jury demand fee of $250.00, deposition costs of $1,360.88, legal messenger/overnight mail costs of $96.52, copying and fax charges of $818.00, cost of postage of $33.43, on-line legal research cost of $782.27.

20. The applicant requests that an allowance be made to it in the sum of $9,304.60. I believe the fees and costs incurred in this matter have been reasonable and necessary.

DATED this 21st day of June, 2010.

LAW OFFICES OF GREGORY J. MURPHY, P.S.

By: _____
Gregory J. Murphy WSBA No. 16184

APPLICATION BY SPECIAL COUNSEL -Page 4 of 4

Y:\Lindstedt_Tiffani\v ACS\Bankruptcy\10.06.21_Application by Special Counsel.doc

LAW OFFICES OF GREGORY J. MURPHY, P.S.
621 PACIFIC AVENUE, SUITE 15
PO BOX 1298
TACOMA, WASHINGTON 98402-2519
PHONE 253-572-3688
FAX 253-572-9588
www.murphy-legal.com